### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ROLAND N. PATTERSON, JR., | * |
| Plaintiff, | * |
|  | * |
| v. | * |
|  | *      Civil No. 24-2812-BAH |
| LINDA H. LAMONE ET AL., | * |
| Defendants. | * |
|  | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION

On February 3, 2026, the Court granted Defendants' motion to dismiss and dismissed all claims brought by Plaintiff Roland N. Patterson, Jr. ("Plaintiff"). ECF 60 (memorandum opinion); ECF 61 (order). Pending before the Court is Plaintiff's "motion to alter or amend order of dismissal and to amend complaint." ECF 62 (capitalization altered) (hereinafter the "Motion"). Defendants filed an opposition, ECF 66, and Plaintiff filed a reply, ECF 67. All filings include memoranda of law.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Plaintiff's Motion is **DENIED**.

### I.     BACKGROUND

Plaintiff filed the operative complaint (the "Complaint") on January 15, 2025, alleging forty-seven claims against twenty-one individuals, including Linda Lamone, former chair of the Attorney Grievance Commission of Maryland (the "Commission"), former Maryland Bar Counsel Lydia Lawless ("Lawless") and Glenn Grossman ("Grossman"), and former Deputy Bar Counsel

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

Raymond Hein ("Hein"), along with seventeen current and former members of the Commission. ECF 27 (amended complaint). Plaintiff brought all forty-seven claims against Defendants in both their official and individual capacities. *Id.* at 1–6. The allegations arise from the denial of two of Plaintiff's petitions to be reinstated to the Maryland bar, which were filed in 2012 and 2021.[2] *Id.* at 8.

On February 3, 2026, the Court granted Defendants' motion to dismiss and dismissed all claims. ECF 60 (memorandum opinion); ECF 61 (order). Specifically, the Court dismissed 1) all official capacity claims on Eleventh Amendment immunity grounds, 2) individual capacity claims against all Defendants, except Lawless, Grossman, and Hein, for failure to state a claim, and 3) all claims against Lawless, Grossman, and Hein on prosecutorial immunity grounds. ECF 60, at 6–18. On March 2, 2026, Plaintiff filed the instant Motion, which is now fully briefed and ripe for disposition. *See* ECF 62 (Motion); ECF 66 (Defendants' opposition); ECF 67 (Plaintiff's reply).

## II.    LEGAL STANDARD[3]

"[A] district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Fed.R.Civ.P. 59(e) or 60(b)." *Katyle v. Penn Nat.*

---

[2] The relevant factual allegations are set forth in the Court's previous memorandum opinion, ECF 60, and the Court assumes familiarity with that opinion.

[3] Typically, a pro se plaintiff is entitled to a certain amount of leniency and liberal construction of pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, Plaintiff has not requested this leniency, and the Court concludes that he is not entitled to it since he is a law school graduate and, despite his indefinite suspension, a formerly barred attorney with over 20 years of prior experience. *See* ECF 27, at 9; *see also Dollar v. Anne Arundel Cnty.*, Civ. No. BAH-24-1642, 2025 WL 1347064, at *3 n.3 (D. Md. May 7, 2025) (finding a licensed attorney plaintiff was not entitled to liberal construction of pro se plaintiffs because he "undoubtedly possesse[d] the legal training that most *pro se* litigants lack"); *Gordon v. Gutierrez*, Civ. No. 1:06-861, 2006 WL 3760134, at *1 n.1 (E.D. Va. Dec. 14, 2006) (determining that where a plaintiff represented that she was "an attorney, a law school graduate, and a member [of] a neighboring state's bar," she was not entitled to the liberal construction usually afforded to *pro se* plaintiffs). "Therefore, though the Court will review

·*Gaming, Inc.*, 637 F.3d 462, 470 (4th Cir. 2011).  Under Federal Rule of Civil Procedure 59(e), the Court may alter or amend its prior ruling in three situations: (1) where "there has been an intervening change of controlling law," (2) where "new evidence has become available," or (3) where "there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010).  "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to 'ask the Court to rethink what the Court had already thought through—rightly or wrongly.'" *Crocetti v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018) (internal quotation marks omitted) (quoting *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001)).

"To determine whether vacatur is warranted, however, the court need not concern itself with" the Rule 59 legal standard. *Katyle*, 637 F.3d at 471.  That is because "when a motion under Rule 59(e) is accompanied by a motion to amend a complaint under Rule 15(a), the standards under the rules are collapsed, allowing 'the court simply to turn to the standard applicable to the motion to amend.'" *Glanville v. Mayor & City Council of Baltimore, Maryland: Baltimore Police Dep't*, Civ. No. EA-23-3395, 2025 WL 1359218, at *4 (D. Md. May 9, 2025) (quoting *Daulatzai v. Maryland*, 97 F.4th 166, 178–79 (4th Cir. 2024)).  "In other words, a court should evaluate a postjudgment motion to amend the complaint 'under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility.'" *Katyle*, 637 F.3d at 470–71 (quoting *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006)).

Under Rule 15 of the Federal Rules of Civil Procedure, Courts are to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  While it is within the discretion of a

---

his pleadings with some degree of leniency, Plaintiff will not be afforded the same degree of liberal construction usually granted to *pro se* parties." *Dollar*, 2025 WL 1347064, at *3 n.3.

3

district court to deny leave to amend, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons that justify denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.* The Fourth Circuit has explicitly directed trial courts "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber*, 438 F.3d at 428.

### III.   ANALYSIS

Plaintiff moves "for leave of court to reinstate the complaint so that he can amend it."[4] ECF 62, at 1. Although he did not file a proposed second amended complaint with his Motion, Plaintiff includes in the Motion specific details regarding four proposed amendments he wishes to make. *See id.* at 13–14. Defendants argue, albeit briefly, that amendment would be futile. ECF 66, at 5.

Futility of amendment "is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" *Katyle*, 637 F.3d at 471 (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)). A proposed amendment is futile if it is "clearly insufficient or frivolous on its face" or if it "fails to withstand Rule 12(b)(6)

---

[4] Both Plaintiff and Defendants argue whether judgment should be amended based on the Rule 59(e) standard. *See* ECF 62, at 1–8; ECF 66, at 3–4. But as noted *supra*, the Court need not apply this standard because Plaintiff moves to file a post-judgment amended complaint. Accordingly, the Court decides the Motion based on Rule 15's standard for amendment.

4

scrutiny." *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) (citation omitted); *Lavin v. Safeco Ins. Co. of Am.*, Civ. No. SAG-22-1788, 2022 WL 17342051, at *2 (D. Md. Nov. 30, 2022) ("There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion."). Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate where the complaint "fail[s] to state a claim upon which relief can be granted." In deciding a motion to dismiss, the Court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *Washington v. Hous. Auth. of the City of Columbia*, 58 F.4th 170, 177 (4th Cir. 2023) (citing *Singer v. Reali*, 883 F.3d 425, 437 (4th Cir. 2018)).

Plaintiff requests leave to make four specified amendments to the Complaint. ECF 62, at 13–14. The Court addresses each proposed amendment in turn.

### A.    Equitable Relief

Plaintiff's official capacity claims were dismissed because Defendants enjoy Eleventh Amendment immunity, and the Court found that the *Ex parte Young* exception did not apply. ECF 60, at 6–9. Plaintiff proposes an amendment that he contends will invoke the *Ex parte Young* exception, specifically one that would request equitable relief enjoining the current chair of the Commission and current bar counsel from relying on former bar counsel's previous objections to Plaintiff's 2012 petition for reinstatement in determining any future petition for reinstatement. *Id.* at 8, 13.

"[T]he *Ex parte Young* exception to Eleventh Amendment immunity remains generally available to a plaintiff who seeks prospective declaratory and injunctive relief against a state official for an ongoing violation of federal law." *TFWS, Inc. v. Schaefer*, 242 F.3d 198, 204 (4th Cir. 2001) (citations omitted); *see also Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). This exception rests on the notion "that a State officer who acts in violation of the Constitution is

'stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct.'" *Antrican v. Odom*, 290 F.3d 178, 184 (4th Cir. 2002) (quoting *Ex parte Young*, 209 U.S. 123, 160 (1908)).  However, "[j]ust because a private citizen's federal suit seeks declaratory injunctive relief against State officials does not mean that it must automatically be allowed to proceed under an exception to the Eleventh Amendment protection." *Bell Atl. Md., Inc. v. MCI Worldcom, Inc.*, 240 F.3d 279, 294 (4th Cir. 2001).  To determine if this exception applies, courts consider "whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Biggs v. N.C. Dep't of Pub. Safety*, 953 F.3d 236, 242 (4th Cir. 2020) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).  "[T]he exception is narrow: It applies only to prospective relief, [and it] does not permit judgments against state officers declaring that they violated federal law in the past . . . ." *Jemsek v. Rhyne*, 662 F. App'x 206, 211 (4th Cir. 2016) (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)).  "'[C]onjecture regarding discrete future events' does not suffice to create an ongoing violation." *Id.* (quoting *DeBauche v. Trani*, 191 F.3d 499, 505 (4th Cir. 1999)).

Plaintiff's proposed amendment would be futile because it still fails to trigger the *Ex parte Young* exception that would abrogate Eleventh Amendment immunity for Plaintiff's official capacity claims.  Specifically, the proposed amendment would request the current chair of the Commission and current bar counsel "be enjoined from future use of Md. Rule 19-752(f)(2)(A) as well as re-use of 2012 objections as alleged here, in Reinstatement Proceedings." ECF 62, at 13.  But Plaintiff does not allege that the *current* chair of the Commission, Dolores Ridgell, or *current* bar counsel, Thomas DeGonia II, are engaged in any ongoing violation of federal law.  *See* Attorney Grievance Commission and Office of Bar Counsel, *Commission Members and Office of*

*Bar          Counsel*,          https://www.courts.state.md.us/attygrievance/commissionstaff [https://perma.cc/J8Y2-GGWB], last visited Mar. 31, 2026. Nor does Plaintiff propose to amend the complaint to add Ridgell or DeGonia as defendants or to bring claims against them. *See* ECF 62, at 13. As Ridgell and DeGonia are not parties to this case or accused of any ongoing violation of federal law, the proposed amendment regarding equitable relief fails to implicate the *Ex parte Young* exception. *Cf. In re Jordon*, 275 B.R. 755, 760 (Bankr. W.D. Va. 2002) (finding the *Ex parte Young* exception could not be applied to a state official that was not named as a defendant or charged with any violation of federal law).

Moreover, even if Plaintiff added Ridgell and DeGonia as defendants in this case, neither are engaging in behavior that violates Plaintiffs rights. Although Plaintiff suggests that Defendants, along with Ridgell and Degonia, may have "'a forward-looking,' proactive intent . . . to ban [Plaintiff] from practice forever," any alleged constitutional violations are not related to any purportedly continuing events. ECF 62, at 8. As noted, "[m]ere conjecture is insufficient to transform a one-time event into a continuing governmental practice or an ongoing violation." *See Jemsek*, 662 F. App'x at 212 (quoting *DeBauche*, 191 F.3d at 505). Plaintiff's reinstatement petitions were both "one-time events, and the alleged due process violations occurred 'entirely in the past.'" *Id.* (quoting the same). That Plaintiff does not have a current petition for reinstatement pending before the Commission supports the "purely historical" nature of Plaintiff's claims and does not warrant any conclusion that there are any "ongoing violations." *Id.*; *see also* ECF 62, at 9. Accordingly, the *Ex parte Young* exception continues to be inapplicable even with the proposed amendment. Plaintiff's first proposed amendment is futile.

## B.     Negligent Supervision

Plaintiff also requests to amend his negligent supervision claim. ECF 62, at 13. The Complaint alleged that "Lamone and fellow 2012 and 2021 Commission members knew that

7

Defendants Grossman[,] Hein, and Lawless were engaged in conduct which posed an unreasonable risk of pervasive and unreasonable constitutional injury." ECF 27, at 67. As noted, Plaintiff's official capacity claims were dismissed on Eleventh Amendment immunity grounds. His individual capacity claims, however, were dismissed because "the amended complaint lacks allegations of individual conduct by any of the named defendants other than Lawless, Grossman, and Hein." ECF 60, at 13. Attempting to remedy this issue, Plaintiff proposes an amendment that would "specifically name those Bar Commissioners who served on both the 2012 and 2021 panels as having known of the re-use of the subject objections," and "allege the deliberate indifference or tacit authorization of those continuing practices by these particular officials." ECF 62, at 13. But amending the Complaint to name certain Commission members still fails to state a negligent supervision claim and is thus futile.

The basis for Plaintiff's "negligent supervision" claim is not clear, as he cites *Marrick v. Rutkowski*, 161 A.3d 353 (Md. App. 2016), "The Common Law of Md.," and *King v. Rubenstein*, 825 F.3d 206 (4th Cir. 2016) as sources for the claim. ECF 27, at 67. Under Maryland law, "[t]o plead a claim for negligent supervision and retention, 'a plaintiff must plead facts that, if proven, would establish (1) h[is] injury was caused by the tortious conduct of [an employee]; (2) that the employer knew or should have known by the exercise of diligence and reasonable care that the [employee] was capable of inflicting harm of some type; (3) that the employer failed to use proper care in selecting, supervising, or retaining that employee; (4) and that the employer's breach of its duty was the proximate cause of the Plaintiff's injuries.'" *Kornegay v. United States*, 802 F. Supp. 3d 767, 790 (D. Md. 2025) (quoting *Doe v. Cmty. Coll. of Balt. Cnty.*, 595 F. Supp. 3d 392, 419 (D. Md. 2022)). *King v. Rubenstein*, however, involved a supervisory liability claim pursuant to 42 U.S.C. § 1983. 825 F.3d at 223. A supervisor can be held liable pursuant to § 1983 "where (1)

8

he knew that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury; (2) his response showed deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between his inaction and the constitutional injury." *Id.* at 224. Nevertheless, under either theory of liability, the proposed amendment to this claim is futile as it does not withstand 12(b)(6) scrutiny.

Any negligent supervision or supervisory liability claim fails at the outset because Plaintiff does not allege that Lamone or any Commission members were supervisors or employers of Grossman, Hein, or Lawless. The complaint instead alleges that "[t]he Commission" as a whole, "oversees the activities of Bar Counsel and Staff." ECF 27, at 8. But the proposed amendment to this claim does not seek to hold the Commission liable—instead, Plaintiff seeks to hold Lamone and certain commissioners *individually* liable. *See* ECF 62, at 13 (requesting to amend the Complaint to "specifically name those Bar Commissioners who served on both the 2012 and 2021 panels"). The Complaint, along with Plaintiff's proposed amendment, fails to allege that Grossman, Hein, or Lawless were subordinate to or employed by Lamone or any Commission members sufficient to sustain any individual capacity claim for supervisory liability under § 1983 or negligent supervision under Maryland law. *Cf. Epperson v. Payne*, No. 4:16-CV-00050, 2017 WL 1194715, at *5 (W.D. Va. Mar. 30, 2017) (dismissing a § 1983 supervisory liability claim where the plaintiffs failed to allege that the allegedly liable defendant held any supervisory authority); *Am. Alternative Ins. Corp. v. Com. Ins. Assocs., LLC*, Civ. No. SAG-25-00037, 2025 WL 2897351, at *5 (D. Md. Oct. 10, 2025) (explaining that Maryland law "require[s] an employment relationship to state a negligent supervision claim"). Accordingly, this proposed amendment is futile because Plaintiff fails to state a claim under either potential theory of liability.

## C.    Statute of Limitations

Plaintiff also requests to "[c]larify the allegations concerning the statute of limitations expressly alleg[ing] that Defendants' actions in 2012 and 2021 form a unified course of unconstitutional conduct which accrued at that point when the final Reinstatement Petition was denied in 2021." ECF 62, at 13. This proposed amendment is futile because the Court did not dismiss the amended complaint based on the statute of limitations. Rather, the Court granted the Defendants' motion to dismiss based on Eleventh Amendment immunity, failure to state a claim, and prosecutorial immunity. ECF 60, at 6–18. Perhaps some confusion arose because the Court commented in a footnote that "Patterson's claims arising from his 2012 petition for reinstatement are also subject to dismissal because they are time barred." *Id.* at 18 n.15. To be sure, a proposed amendment to a claim that is time-barred by a statute of limitations is futile. *Covey v. Assessor of Ohio Cnty.*, 666 F. App'x 245, 247 (4th Cir. 2016) (citing *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000)). But the Court did not "dismiss the 2021 claims as time-barred" nor did it "treat the 2012 allegation as barred" as Plaintiff suggests. ECF 62, at 12. All claims were dismissed on other grounds, independent of any statute of limitations issues. *See* ECF 60, at 6–18. For this reason, Plaintiff's proposed amendment involving the statute of limitations is futile, since it would not alter the Court's ultimate conclusion that dismissal of all claims is warranted. *Cf. Karol v. Bd. of Educ. of Calvert Cnty.*, Civ. No. PX-17-0781, 2017 WL 6555659, at *5 (D. Md. Dec. 22, 2017) ("Because the proposed amendment would not change the outcome of the Court's opinion as to the sufficiency of the claims, amending is futile.").

## D.    Americans with Disabilities Act ("ADA")

Plaintiff also seeks to amend his claims under the Americans with Disabilities Act ("ADA"). ECF 62, at 14. The Court previously ruled that Plaintiff's ADA claim failed based on Eleventh Amendment immunity. *See* ECF 60, at 10–12. As noted in the Court's previous

memorandum opinion, "insofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *United States v. Georgia*, 546 U.S. 151, 159 (2006) (emphasis in original); *see also Burnett v. Maryland Dep't of Lab.*, Civ. No. MJM-24-3718, 2025 WL 2720147, at \*8 (D. Md. Sept. 24, 2025) ("[A] state government's Eleventh Amendment immunity from suit in federal court is abrogated under Title II of the ADA insofar as the conduct alleged to violate Title II '*actually* violates the Fourteenth Amendment' of the U.S. Constitution." (quoting *Fauconier v. Clarke*, 966 F.3d 265, 280 (4th Cir. 2020))). To determine whether Eleventh Amendment immunity applies, courts must determine "on a claim-by-claim basis, (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *Georgia*, 546 U.S. at 159. As such, "[t]he first step of the *Georgia* inquiry requires the district court to assess whether Defendants' alleged conduct 'forms the basis for a Title II claim.'" *Holly Hill Nursing LLC v. Padilla*, Civ. No. PWG-17-3554, 2018 WL 5013826, at \*8 (D. Md. Oct. 16, 2018) (quoting *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 553 (3d Cir. 2007)).

Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To establish a violation of Title II, Patterson must show that "(1) [he] ha[s] a disability; (2) [he is] otherwise qualified to receive the benefits of a public service, program, or activity; and (3) [he was] denied the benefits of such service, program, or activity, or otherwise discriminated

11

against, on the basis of [his] disability." *Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 503 (4th Cir. 2016). "A failure to make reasonable accommodations may constitute discrimination under Title II." *Holly Hill Nursing*, 2018 WL 5013826, at *8 (citing *Lamone*, 813 F.3d at 503 n.5).

Here, Plaintiff's proposed amendment to his ADA claim would still fail to state a claim and is thus futile. Specifically, the proposed amendment would assert a claim for failure to make reasonable accommodations and "clearly state that Plaintiff's protestations to Defendant Lawless that she was not entitled to his medical records[] constituted a virtual accommodation in light of her demand that such was required of him." ECF 62, at 14. In other words, Plaintiff alleges that he requested a disability accommodation in the form of being excused from providing his medical records to Lawless in relation to his 2021 petition for reinstatement.

"Put in the simplest terms, the purpose of a reasonable accommodation under the ADA . . . is to accommodate the seeker's disability and allow him to equal access an institution's services, programs, or benefits that he might otherwise have difficulty accessing due to his disability." *Manson v. Maryland State Bd. of Physicians*, Civ. No. SAG-20-03345, 2021 WL 2352285, at *4 (D. Md. June 9, 2021). "There must, then, be some alleged link between the accommodation requested and the disability claimed, since the accommodation is meant to enable the disabled individual to overcome that disability to achieve equal access in some way." *Id.* Accordingly, "reasonable accommodation, in a statutory scheme designed to promote equal access and participation in government services . . . must be an accommodation of the disability in question thus advancing *equal* access, rather than simply an accommodation in the abstract that improves the requester's life without any connection to the disability." *Id.* (citation modified).

12

As previously noted by the Court, Plaintiff adequately pleads that he has a disability of multiple sclerosis. ECF 60, at 11. However, Plaintiff fails to allege any connection between the supposed accommodation he requested and his claimed disability to support a failure to accommodate claim. Plaintiff proffers no allegations supporting how being excused from providing his medical records would accommodate his multiple sclerosis "in any way, let alone a way that would facilitate his equal access to Defendant[s'] programs, services, or benefits." *Manson*, 2021 WL 2352285, at *4. "This shortcoming is highlighted when the accommodation request here is contrasted with those in other cases where the link between the request and the disability is unmistakable, such a request for additional exam time to allow for a law student's severe migraines, ... or a request for implementation of an online tool allowing blind and other disabled voters to mark their absentee ballots electronically." *Id.* (first citing *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005); and then citing *Lamone*, 813 F.3d at 508)). Despite Plaintiff's assertion, his "request was not actually one for accommodation under the ADA ... because there are no allegations tying his request to his stated disability." *Id.*; *see also id.* at *4–5 (dismissing a failure to accommodate claim against the Maryland State Board of Physicians where plaintiff failed to connect his autism to the requested accommodation of voiding his licensure denial reports). Plaintiff's final proposed amendment fails to state an ADA claim and is thus futile.[5]

---

[5] To the extent that Plaintiff argues that his access to the state bar was denied based on his refusal to provide his medical records to Lawless, that argument also fails. The evidence attached to Defendants' motion to dismiss, which the Court relied on in coming to its conclusions, *see* ECF 60, at 4 n.7, shows that the decision regarding Plaintiff's 2021 petition for reinstatement expressly *excluded* his refusal to provide his medical records as grounds for denying reinstatement. *See* ECF 43-2, at 3.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to alter or amend judgment and amend the complaint, ECF 62, is DENIED.

A separate implementing order will issue.


Dated: <u>April 16, 2026</u>                                     <u>        /s/        </u>
                                                        Brendan A. Hurson
                                                        United States District Judge